FILED

2011 APR 21 P 3: 11

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

SWATCH AG (SWATCH SA) (SWATCH LTD.),

        Plaintiff,

    v.

BEEHIVE WHOLESALE, LLC, a limited liability company.

        Defendant.

Civil Action No.: 1:11 CV 434 LO/JFA

## COMPLAINT FOR APPEAL AND *DE NOVO* REVIEW OF DECISION OF TRADEMARK TRIAL AND APPEAL BOARD

The Plaintiff, Swatch S.A. ("Plaintiff" or "Swatch") for its Complaint against Defendant Beehive Wholesale, LLC ("Beehive" or "Defendant"), alleges as follows:

### NATURE OF ACTION

1. This is an action seeking judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB"), an administrative agency of the United States Patent and Trademark Office ("USPTO"), under 15 U.S.C. § 1071(b)(1).

2. On February 23, 2011, a TTAB panel dismissed Plaintiff's trademark opposition based on U.S. Federal Trademark Registration Nos. 1,356,512, 1,671,076, and 2,050,210 for its SWATCH® marks, against Defendant's U.S. Trademark Application No. 78459527 for SWAP for "watch faces, ribbon watch bands, slide pendants, and beaded watch bands" in International Class 14. In dismissing Plaintiff's opposition, the TTAB found that Defendant's SWAP mark

was not descriptive of its goods and was not likely to cause confusion or dilute Plaintiff's registered SWATCH® marks for "watches, clocks and parts therefore."

## THE PARTIES

3. Swatch is a corporation duly organized and existing under the laws of Switzerland, located at 94 Rue Jakob Stampfli, CH-25009 Bienne, Switzerland. Swatch is a manufacturer and seller of watch parts, jewelry and electronics under a multitude of valid, subsisting, incontestable, famous, registered and common law trademarks for SWATCH®.

4. Upon information and belief, Defendant Beehive Wholesale, LLC ("Beehive") is a Louisiana limited liability company with its principal place of business at 1901 North Service Road East, Ruston, Louisiana 71270.

5. Defendant is in the business of wholesale and retail sales of various goods including watches, watch faces, ribbon watch bands, slide pendants, and beaded watch bands under the SWAP mark.

## JURISDICTION AND VENUE

6. This is an action for judicial review of a final decision of the TTAB under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1).

7. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 as it involves claims presenting federal questions under 15 U.S.C. § 1071(b)(1) and 1121(a). These sections provide that a party to an opposition proceeding may have remedy by a civil action, and a court may adjudge that the application involved be rejected or may order such other relief as the issues in the proceeding require. The parties have consented to the jurisdiction of the Eastern District of Virginia, Alexandria Division.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendant resides in this district by virtue of being subject to personal jurisdiction in the district and division based upon its conduct of business through its online retail store, located at www.bestofbeehive.com and www.beehivewholesale.com, and its sales and shipments of goods bearing the SWAP mark to this district and division and other districts throughout the United States. Further, counsel for Defendant has consented to venue in the Eastern District of Virginia, Alexandria Division.

**FACTUAL BACKGROUND**

### A. SWATCH'S TRADEMARKS

9. Plaintiff is the manufacturer of watches, watch parts, fashion accessories, jewelry, and other goods under the SWATCH® trademark.

10. Plaintiff is the owner of the entire right, title and interest in Federal trademark registrations for goods and services including, among others, the following famous, valid, subsisting, incontestable and un-cancelled trademark registrations:

| | |
|---|---|
| SWATCH | U.S. Trademark Reg. No. 1356512, August 27, 1985 for watches and parts therefore |
| SWATCH | U.S. Trademark Reg. No. 1671076, January 7, 1992 for watches, clocks and parts therefore |
| SWATCH | U.S. Trademark Reg. No. 2,050,210, April 8, 1997 For magazines for watch collectors |

And others collectively referred to as "SWATCH Marks." Copies of the Certificates of Registration issues by the USPTO for these marks are attached as Exhibit A. These registrations

are incontestable, as Plaintiff has filed the required affidavit of incontestability pursuant to §15 of the Trademark Act, with the Commissioner of Patents and Trademarks.

11. Federal registration of a trademark is *prima facie* evidence of a Registrant's exclusive right to use the registered trademark in commerce in connection with the goods or services specified in the certificate, pursuant to 15 U.S.C. §1057(b).

12. The first SWATCH® brand watch went on sale in the United States in 1982. Since its 1982 debut the SWATCH® brand watch has become the most successful wristwatch of all time. Plaintiff has sold hundreds of millions of SWATCH® watches worldwide.

13. Plaintiff has created many innovative and distinctive SWATCH® brand watch designs. Plaintiff has revolutionized the watch industry by combining high quality fashion at an affordable price with its SWATCH® watches.

14. Plaintiff and its SWATCH Marks have become widely known as the source of exclusive, fashionable, high quality precision watches.

15. Watches bearing the SWATCH Marks have been advertised and promoted and otherwise used in commerce throughout the United States, including in this District, since at least as early as 1982.

16. In addition to watches, Plaintiff also sells jewelry, including necklaces, earrings and bracelets bearing the SWATCH Marks.

17. The SWATCH Marks have acquired distinctiveness and secondary meaning signifying Plaintiff and its products. Consumers in throughout the United States have come to rely on Plaintiff's SWATCH Marks to distinguish its products and services from those of others.

18. Plaintiff has expended significant resources in advertising, marketing and promoting its SWATCH Marks.

19. Plaintiff has invested substantially in the SWATCH Marks in order to maintain their distinctive image in the marketplace.

### B. DEFENDANT'S TRADEMARK APPLICATION

20. On July 30, 2004, Defendant filed a United States trademark application for the mark *Swap* for watch faces, ribbon watch bands, slide pendants and beaded watch bands claiming a date of first use of June 1, 2003.

21. Defendant has sold and is selling products under the SWAP mark in this district and throughout the United States.

22. Defendant operates websites at www.beehivewholesale.com and www.bestofbeehive.com. Defendant uses the SWAP mark on both of these websites.

23. Swatch has priority based on its use and registration of its SWATCH® trademarks in the United States for many years prior to the Defendant's use or application to register the mark SWAP.

24. Defendant's use of the SWAP mark began after Plaintiff's SWATCH Marks became famous.

25. Defendant's SWAP mark is confusing similar to Plaintiff's SWATCH Marks.

26. Plaintiff's SWATCH Marks are famous and have build a reputation among consumers such that consumers when seeing Defendant's mark when used with watches would presume a connection with Swatch.

27. Defendant's unauthorized use of the SWAP mark falsely indicates that its business, products, and goods are associated, sponsored or endorsed by Plaintiff.

28. Defendant's unauthorized use of the SWAP mark is likely to cause confusion among consumers.

29. Defendant's unauthorized use of the SWAP mark is likely to dilute the goodwill and reputation that Plaintiff has built in its famous SWATCH Marks.

30. Defendant's SWAP mark is merely descriptive within the meaning of 15 U.S.C. § 1052(e)(1).

31. Defendant advertises, markets and sells watches with interchangeable faces and straps under the SWAP mark.

32. When used on or in connection with the goods of the Applicant's SWAP mark is merely descriptive of a function of Applicant's watches with interchangeable faces and straps.

33. Applicant's SWAP mark describes a feature of Applicant's goods—namely watches that allow consumers to "swap" faces and straps.

34. Applicant has admitted that it selected the SWAP mark because it described a feature of the goods sold thereunder.

35. On February 3, 2006, Plaintiff filed an opposition to the registration of Defendant's U.S. Trademark Application No. 78/459,527 for SWAP for watch faces, ribbon watch bands, slide pendants, and beaded watch bands, claiming a likelihood of confusion between Defendant's SWAP Mark for and Plaintiff's SWATCH Marks. The opposition proceeding was assigned Opposition No. 91169312.

36. The parties engaged in discovery and each party submitted testimony, exhibits and trial briefs to the TTAB. Oral argument was held before a three-person panel of TTAB Administrative Trademark Judges on September 22, 2010.

37. On February 23, 2011, the TTAB issued a decision dismissing the opposition. A copy of the decision is attached as Exhibit B. Plaintiff believes that decision to be erroneous and hereby appeals.

38. The decision of the TTAB is erroneous for the following reasons because Defendant's mark is likely to cause confusion with Plaintiff's registered SWATCH trademark; Defendant's mark is likely to cause dilution with Plaintiff's famous SWATCH trademark; and Defendant's mark is merely descriptive of its goods as identified in its trademark application.

39. Plaintiff seeks *de novo* review of the TTAB decision under to Section 21 of the Lanham Act, 15 U.S.C. § 1071.

## CAUSE OF ACTION

## REQUEST FOR REVERSAL OF TTAB DECISION AND REFUSAL OF DEFENDANT'S U.S. TRADEMARK APPLICATION NO. 78/459,527 FOR THE MARK SWAP

40. Plaintiff alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 39.

41. Plaintiff is dissatisfied with the decision of the Trademark Trial and Appeal Board and its erroneous conclusion that Defendant's SWAP mark for watch faces, ribbon watch bands, slide pendants, and beaded watch bands are not likely to be confused with Plaintiff's SWATCH mark, Defendant's mark is not likely to cause dilution with Plaintiff's famous SWATCH mark, and Defendant's SWAP mark is not descriptive of a function of the goods.

42. The TTAB decision of February 23, 2011 should be reversed and vacated, and an order should be entered directing the USPTO to reverse its decision and sustain Plaintiff's trademark opposition against registration of Defendant'' federal trademark application for the SWAP mark and thereby refuse registration of Defendant's U.S. Trademark Application No. 78/459,527.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court reverse the February 23, 2011 decision in the matter of *Swatch AG v. Beehive Wholesale, LLC*, Opposition No. 91169312 referenced herein, pursuant to 15 U.S.C. § 1071(b);

2. That the Court order the United States Patent and Trademark Office to deny registration for U.S. Trademark Application No. 78459527, pursuant to 15 U.S.C. § 1119;

3. That the Court grant such other relief as it deems appropriate.

Respectfully submitted,

Dated: April 21, 2011

By: _____
Kenneth W. Curtis
Allred, Bacon, Halfhill & Young
11350 Random Hills Road, Suite 700
Fairfax, VA 22030
(703) 352-1300 (phone)
(703) 352-1301 (fax)
*Counsel for Plaintiff*

Dated: April 20, 2011

By: _____
Jess M. Collen
COLLEN IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, NY 10562
(914) 941-5668 (phone)
(914) 941-6091 (fax)
*Counsel for Plaintiff*

8