# EXHIBIT A

## 15 U.S.C. § 1071

**(a) Persons entitled to appeal; United States Court of Appeals for the Federal Circuit; waiver of civil action; election of civil action by adverse party; procedure**

(**1**) An applicant for registration of a mark, party to an interference proceeding, party to an opposition proceeding, party to an application to register as a lawful concurrent user, party to a cancellation proceeding, a registrant who has filed an affidavit as provided in section 1058 of this title, or an applicant for renewal, who is dissatisfied with the decision of the Director or Trademark Trial and Appeal Board, may appeal to the United States Court of Appeals for the Federal Circuit thereby waiving his right to proceed under subsection (b) of this section: Provided, That such appeal shall be dismissed if any adverse party to the proceeding, other than the Director, shall, within twenty days after the appellant has filed notice of appeal according to paragraph (2) of this subsection, files notice with the Director that he elects to have all further proceedings conducted as provided in subsection (b) of this section. Thereupon the appellant shall have thirty days thereafter within which to file a civil action under subsection (b) of this section, in default of which the decision appealed from shall govern the further proceedings in the case.

(**2**) When an appeal is taken to the United States Court of Appeals for the Federal Circuit, the appellant shall file in the Patent and Trademark Office a written notice of appeal directed to the Director, within such time after the date of the decision from which the appeal is taken as the Director prescribes, but in no case less than 60 days after that date.

(**3**) The Director shall transmit to the United States Court of Appeals for the Federal Circuit a certified list of the documents comprising the record in the Patent and Trademark Office. The court may request that the Director forward the original or certified copies of such documents during pendency of the appeal. In an ex parte case, the Director shall submit to that court a brief explaining the grounds for the decision of the Patent and Trademark Office, addressing all the issues involved in the appeal. The court shall, before hearing an appeal, give notice of the time and place of the hearing to the Director and the parties in the appeal.

(**4**) The United States Court of Appeals for the Federal Circuit shall review the decision from which the appeal is taken on the record before the Patent and Trademark Office. Upon its determination the court shall issue its mandate and opinion to the Director, which shall be entered of record in the Patent and Trademark Office and shall govern the further proceedings in the case. However, no final judgment shall be entered in favor of an applicant under section 1051(b) of this title before the mark is registered, if such applicant cannot prevail without establishing constructive use pursuant to section 1057(c) of this title.

**(b) Civil action; persons entitled to; jurisdiction of court; status of Director; procedure**

(**1**) Whenever a person authorized by subsection (a) of this section to appeal to the United States Court of Appeals for the Federal Circuit is dissatisfied with the decision of the Director or Trademark Trial and Appeal Board, said person may, unless appeal has been taken to said United States Court of Appeals for the Federal Circuit, have remedy by a civil action if commenced within such time after such decision, not less than sixty days, as the Director appoints or as provided in subsection (a) of this section. The court may adjudge that an applicant is entitled to a registration upon the application involved, that a registration involved should be canceled, or such other matter as the issues in the proceeding require, as the facts in the case may appear. Such adjudication shall authorize the Director to take any necessary action, upon compliance with the requirements of law. However, no final judgment shall be entered in favor of an applicant under section 1051(b) of this title before the mark is registered, if such applicant cannot prevail without establishing constructive use pursuant to section 1057(c) of this title.

(**2**) The Director shall not be made a party to an inter partes proceeding under this subsection, but he shall be notified of the filing of the complaint by the clerk of the court in which it is filed and shall have the right to intervene in the action.

(**3**) In any case where there is no adverse party, a copy of the complaint shall be served on the Director, and, unless the court finds the expenses to be unreasonable, all the expenses of the proceeding shall be paid by the party bringing the case, whether the final decision is in favor of such party or not. In suits brought hereunder, the record in the Patent and Trademark Office shall be admitted on motion of any party, upon such terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court imposes, without prejudice to the right of any party to take further testimony. The testimony and exhibits of the record in the Patent and Trademark Office, when admitted, shall have the same effect as if originally taken and produced in the suit.

(**4**) Where there is an adverse party, such suit may be instituted against the party in interest as shown by the records of the Patent and Trademark Office at the time of the decision complained of, but any party in interest may become a party to the action. If there be adverse parties residing in a plurality of districts not embraced within the same State, or an adverse party residing in a foreign country, the United States District Court for the District of Columbia shall have jurisdiction and may issue summons against the adverse parties directed to the marshal of any district in which any adverse party resides. Summons against adverse parties residing in foreign countries may be served by publication or otherwise as the court directs.